IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. CV-11-564 ) |
| v. Southern Haulers, LLC | ) <u>C O M P L A I N T</u> ) ) |
| Defendant. | ) <u>JURY TRIAL DEMAND</u> ) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Alfonzo Williams ("Williams") and a class of African-American applicants who were adversely affected by such practices. As alleged with greater particularity in paragraphs six (6) and seven (7) below, Defendant Southern Haulers, LLC ("Defendant" or "Southern Haulers") engaged in discriminatory hiring practices against Williams and a class of African-Americans at Defendant's Brewton facility.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant "Employer" has continuously been an Alabama limited liability company doing business in the State of Alabama and the City of Brewton, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Williams filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least April 2009, Defendant Employer has engaged in unlawful employment practices at its Brewton, Alabama facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000e-2(a)(2). Specifically, Defendant subjected Williams and a class of African-American applicants to discriminatory hiring practices when Defendant failed to consider them or hire them through its Brewton, Alabama facility:

(a) In April 2009, Williams was a licensed, certified commercial truck driver with over 15 years of relevant experience;

(b) In April 2009, he had been living in Brewton, Alabama since 2005;

(c) On or about April 14, 2009, Williams visited Defendants' Brewton facility and was told that Defendant was hiring, and that he should submit an application at the Brewton facility the next day;

(d) Williams went to the Brewton facility the next day, and met with Defendant's Terminal Manager to inquire about a job as a truck driver;

(e) The Terminal Manager denied Defendant was hiring and refused to give Williams an application;

(f) When Williams inquired about future openings, the Terminal Manager told him that the Defendant would never be hiring again, and steered him away from future efforts to seek employment with Defendant;

(g) The Terminal Manager was angry and hostile during his communications with Williams;

(h) In the past when Williams called Brewton to inquire about employment, he was told they were not hiring;

(i) Another Black applicant, Alvin Kelly ("Kelly"), went to Defendant's Brewton facility on or about June, 2009, in an attempt to make an in-person application for any available trucking position;

(j) Defendant told Kelly that it was not hiring anymore;

(k) At the time Kelly sought employment, he met Defendant's stated qualifications for employment as a truck driver;

(l) Within two months after Williams sought employment and within one month after

3

Kelly sought employment, Defendant Southern Haulers began a sustained effort of hiring truck drivers at each of its facilities in Alabama;

(m) During this period, July 2009 through May 2010, Defendant failed to hire any Black drivers at its Brewton or Decatur, Alabama facilities, but it did hire White drivers.

8. The effect of the practices complained of in paragraph six (6) and seven (7) above have been to deprive Williams and a class of Black applicants of equal employment opportunities and otherwise adversely affect their status as applicants, because of their race.

9. The unlawful employment practices complained of in paragraphs six (6) and seven (7) above were and are intentional.

10. The unlawful employment practices complained of in paragraphs six (6) and seven (7) above were done with malice or with reckless indifference to the federally protected rights of Williams and a class of Black applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discriminatory hiring practices by refusing to hire African-American for employment because of their race, and any other employment practices which discriminate on the basis of race.

B. Order Defendant Southern Haulers to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Southern Haulers to make whole Williams and a class of African-American applicants, by providing appropriate backpay with prejudgment interest, in

amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to hiring and front pay.

D.  Order Defendant Southern Haulers to make whole Williams and a class of African-American applicants, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs six (6) and seven (7) above, including relocation expenses and job search expenses, in amounts to be determined at trial.

E.  Order Defendant Southern Haulers to make whole Williams and a class of African-American applicants by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs six (6) and seven (7) above, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Southern Haulers to pay Williams and a class of African-American applicants punitive damages for its malicious and reckless conduct described in paragraphs six(6) and seven (7) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

K.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 30th day of September, 2011.

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M. Street E
Washington, DC 20507

_____
C. EMANUEL SMITH (MS Bar # 7473)
Regional Attorney

_____
JULIE BEAN (DC Bar #433292)
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041