IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-00564-N |
| | ) | |
| SOUTHERN HAULERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This action is before the Court on a motion (doc. 20) filed by the plaintiff, the Equal Employment Opportunity Commission ("EEOC"), to strike, or alternatively dismiss, certain affirmative defenses asserted by Southern Haulers, LLC ("Southern Haulers"), the defendant herein.[1]  Upon consideration of the motion, Southern Haulers' response in opposition thereto (doc. 28), the EEOC's reply (doc. 29) and all other pertinent portions of this record, the Court concludes that the EEOC's motion is due to be **DENIED.**

I.  STANDARD OF REVIEW

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir.1999).

---

[1] This action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73 (doc. 19) and pursuant to the consent of the parties (doc. 18).

"An affirmative defense raises matters extraneous to the plaintiff's prima facie case; as such, they are derived from the common law plea of 'confession and avoidance.' " Flav–O–Rich, Inc. v. Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir.1998) (quoting 5 C. *Wright and A. Miller, Federal Practice and Procedure* § 1270 at 289 (1969)). Federal Rule of Civil Procedure 12(f) provides for the striking of insufficient affirmative defenses. *Fed. R. Civ. P. 12(f)* ("[T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.") "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC, 2010 WL 5393265, at *2 (S.D.Fla. Dec.21, 2010) (*quoting* Microsoft Corp. v. Jessee's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D.Fla.2002)). Although an affirmative defense may be stricken if it is legally insufficient, striking a defense is a " 'drastic remedy [,]' which is disfavored by the courts." Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D.Fla.2002) (*quoting* Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962) and Poston v. American President Lines Ltd., 452 F.Supp. 568, 570 (S.D.Fla.1978)). "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., 1999 WL 781812, at *1 (M.D.Fla. Sept.16, 1999). Finally, "a court will not exercise its discretion under the rule to strike a pleading

unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

II. ANALYSIS

The EEOC challenges Southern Haulers' affirmative defenses set forth in paragraphs three, four and nine through twenty-eight of the answer to the complaint (doc. 10) as either improper or insufficiently pled. Although the EEOC acknowledges that, pursuant to Rule 8(b)(1)(A), a defendant need only "state in short and plain terms the defenses to each claim asserted against it," it then argues that "Rule 8 requires that pleadings be plausible on their face, include specific factual matters, and do more than assert mere "labels and conclusions." (Doc. 20 at n. 1, *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (expounding Twombly standard to all civil actions)). The EEOC further argues that Southern Haulers' affirmative defenses constitute no more than "shotgun pleading" which "should be discouraged." (Doc. 20 at 13).

Although not raised by the parties, as a threshold matter the undersigned notes that that the EEOC's motion to strike is untimely. Rule 12(f) requires that such a motion be filed within 21 days of service of the pleading being attacked.[2] The EEOC's motion was filed 25 days after the answer was electronically served. *See*, Sakolsky v. Rubin

---

[2] Fed. R. Civ. P. 12(f) provides as follows:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Memorial Chapel, LLC., 2007 WL 3197530 (S.D. Fla., Oct. 26, 2007). Since it may do so on its own under Rule 12(f)(1), the Court will nevertheless address the motion to strike even though it is untimely.

Defendant's affirmative defenses in this case are neither insufficient nor "immaterial, impertinent, or scandalous." Fed.R.Civ.P. 12(f). The sole issue in this case is whether the defendant, Southern Haulers, "denied equal employment opportunities to Mr. Alfonzo Williams and other African-American applicants by refusing to consider them for truck driving positions at its Brewton, Alabama facility." (Doc. 20 at 1). The challenged affirmative defenses asserted by Southern Haulers clearly relate directly to plaintiffs' single claim. *See* Doc. 10 at 6-13.[3]

In addition, The EEOC acknowledges that a defendant must only give "fair notice of the defense" and such requirement is met "if the defendant sufficiently articulates the defense so that the plaintiff is not a victim of unfair surprise." (Doc. 20, *quoting* Barna Conshipping, S.L. v. 1,800 Metric Tons, More, of Abandoned Steel, 2009 WL 1211334, *1 (S.D. Ala., May 4, 2009)). The EEOC's arguments belie any contention that it is somehow unable to "respond, undertake discovery and prepare for trial," the essential purpose of such notice pleading. Barna, 2009 WL 1211334 at *1, *citing* ., APR Energy, LLC v. Pakistan Power Resources, LLC, 2009 WL 93061, *1 (M.D. Fla. Jan. 14, 2009).

---

[3] The "affirmative defenses" contained in defendant's answer to the complaint include, in sum: failure to satisfy conditions precedent, failure to exhaust administrative remedies, statute of limitations, claims exceed scope of the EEOC charge, failure to mitigate damages, waiver, and estoppel. (Doc. 10 at pp. 6-13). Some of the listed defenses do not constitute affirmative defenses, because they dispute elements of Plaintiffs' case-in-chief: Nevertheless, the defenses apprise Plaintiffs of what Defendants will argue, which, it appears, is all the Eleventh Circuit requires. *See* Hassan, 842 F.2d at 263.

To the extent any of these defenses might be deemed "redundant" to defendant's denial of plaintiffs' claims, the EEOC has neither alleged nor established that it has been prejudiced by it's assertion in this case.  *See e.g.*  Carlson Corp/ Southeast v. School Bd. Of Seminole County, 778 F.Supp. 518, 519 (M.D.  Fla. 1991)("Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and ***may cause prejudice to one of the parties***.")(emphasis added).[4]

Rule 8(b)(1)(A) provides that, in general, when responding to a pleading a party must "state in short and plain terms its defenses to each claim asserted against it." *Fed. R. Civ. P. 8.*  Rule 8(c) specifically addresses affirmative defenses, requiring parties to "affirmatively state any avoidance or affirmative defenses, including: accord and satisfaction; arbitration and award; assumption of risk...." *Id.*  Twombly was decided under Rule 8(a), 127 S. Ct. at 1965-66 & n.3, and the plaintiff has identified no case extending it to Rule 8(b) or (c).  Westbrook v. Paragon Sys., 2007 U.S. Dist. LEXIS 88490, *2 (S.D. Ala. Nov. 29, 2007).  The Eleventh Circuit has not extended the pleading requirements of Rule 8(a) to affirmative defenses and has stressed that providing notice is the purpose of Rule 8(c): "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or

---

[4] As was true in Carlson, the EEOC's motion to strike or dismiss certain defenses is a "time waster" because the EEOC has failed to establish that the affirmative defenses at issue either "have no possible relation to the controversy" or "may cause prejudice to one of the parties."  778 F.Supp. at 519.

she is prepared to properly litigate it." Hassan v. USPS, 842 F.2d 260, 263 (11th Cir.1988). ("When a plaintiff has notice that an affirmative defense will be raised at trial, the failure of defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue.").

Finally, there exists no basis to challenge Southern Haulers' affirmative defenses as "shotgun" pleadings.  "[T]here is no such shotgun pleading unless the complaint contains multiple claims and the affirmative defenses fail to distinguish among them, and such a result is usually an unfortunate byproduct of a shotgun complaint." Westbrook, 2007 U.S. Dist. LEXIS 88490 at *2, *citing*, Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001)("With minor exception, none of the affirmative defenses responded to a particular count of the complaint; rather, the affirmative defenses addressed the complaint as a whole, as if each count was like every other count."); Anderson v. District Board of Trustees, 77 F.3d 364, 367 (11th Cir. 1996). As stated previously, the EEOC's complaint, asserts a single claim of discriminatory hiring practices against a single defendant, Southern Haulers.  Consequently, there is no question regarding where each affirmative defense is directed.  The EEOC's argument to the contrary is without substance or merit.

For the reasons stated above, it is **ORDERED** that the EEOC's motion to strike or, alternatively, to dismiss certain affirmative defenses asserted by Southern Haulers (doc. 20) is hereby **DENIED**.

**DONE** this  14th  day of March, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**