IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| ALFONZO WILLIAMS, ) ) | CIVIL ACTION NO. 11-00564-N |
| Intervener Plaintiff, ) ) | |
| v. ) ) | |
| SOUTHERN HAULERS, LLC, ) ) | |
| Defendant. ) | |

ORDER

This action is before the Court on the motion to compel and brief in support (docs. 96, 97) filed by the Employment Opportunity Commission ("EEOC"), plaintiff herein, and the response in opposition (doc. 99) filed by Defendant Southern Haulers, LLC ("Southern Haulers"). Upon consideration of the motion and a review of the record as a whole, the undersigned concludes that the motion is due to be granted.

The EEOC seeks to compel defendant's production of Request No. 10. Specifically, "all applications and employment records for persons hired as full-time truck drivers between April 1, 2009 and December 31, 2010 at defendant's Brewton, Calera, and Decatur, Alabama terminals." (Doc. 96 at ¶ 1). Southern Haulers objects to the production of such documents with respect to its Calera and Decatur terminals on the grounds that those records "are not reasonably calculated to lead to discovery of

admissible evidence." (Doc. 99 at ¶ 9). Southern Haulers notes that plaintiff's complaint is restricted to alleged discrimination at only the Brewton facility and that those applications have been produced. (*Id.* at ¶ 15).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense [.]" Fed.R.Civ.P. 26(b)(1). Under this rule, relevancy has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). However, the scope of discovery is not without limits, and the Supreme Court has recognized that " 'discovery, like all matters of procedure, has ultimate and necessary boundaries.' " *Id*., *quoting* Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). "Discovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." *Id*. at 351–352, 98 S.Ct. at 2390 (internal quotation marks omitted); *cf*. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) ("The scope of discovery in Title VII cases is not without limits. The information sought must be relevant and not overly burdensome to the responding party." (internal footnote omitted)). However "[t]he relevancy requirement 'should not be misapplied so as to allow fishing expeditions in discovery.' " United States v. Lake County Bd. of Commissioners, 2006 WL 1660598, *1 (N.D. Ind. June 7, 2006) (quoting Zenith

Electronics Corp. v. Exzec, Inc., 1998 WL 9181, *2 (N.D. Ill. Jan. 5, 1998)), aff'd, 2006 WL 2051729 (N.D. Ind. July 20, 2006).

Upon review of the pleadings, the undersigned notes that the complaint and the plaintiff's statement of the case in the Rule 26(f) Report refer *only* to the Brewton facility.  However, Southern Haulers appears to concede that the same corporate official, specifically Dan Fire, Defendant's Safety Director, made the final hiring decisions at all three terminals.[1]  Based on this admission, plaintiff argues, in sum, that the records at issue contain information that is relevant to the hiring decisions made by Mr. Fire and to the issue of whether Southern Haulers' reasons for failing to hire Williams, the Plaintiff-Intervenor, and the class he represents, namely that they lacked the necessary skills or knowledge for truck driving positions are pretextual.  Discovery is broad in Title VII actions – reasonably calculated to lead to admissible evidence.  "It is well-settled that information concerning an employer's general employment practices is relevant even to a Title VII individual disparate treatment claim." Spees v. James Marine, Inc., 2009 WL 981681, *3 (W.D. Ky April 13, 2009), *quoting* Scales v. J.C. Bradford and Co., 925 F.2d 901, 906 (6th Cir.1991) (citations omitted).  Although the Sixth Circuit Court of Appeals in Scales upheld a limitation placed on plaintiff's request to discovery related to the "employing unit," it recognized that "[a] plaintiff who must shoulder the burden of proving that the reasons given for [the alleged discriminatory employment decision] are

---

[1] In support of the motion, plaintiff provides an excerpt from the deposition of Southern Haulers' Rule 30(b)(6) representative, asserting that Frye makes the hiring decisions for all of the plants.  *See* Doc. 97 at 7-8; Doc. 97-4.  In opposition to the motion, Southern Haulers does not address this contention.

3

pretextual should not normally be denied the information necessary to establish that claim." Scales, 925 F.2d at 906, *citing*, Burns v. Thiokol Chemical Corp., 483 F.2d 300 (5th Cir. 1973). *Cf.* Earley v. Champion Intern. Corp., 907 F.2d 1077, 1084 (11th Cir. 1990)("Where, as here, the employment decisions were made locally, discovery on intent may be limited to the employing unit."). The EEOC has demonstrated that information concerning the hiring decisions made by Mr. Fire at Southern Haulers' Calera and Decatur terminals may well lead to admissible evidence concerning the hiring decisions he made at the Brewton terminal. The discovery request at issue is not, therefore, overly broad or irrelevant.

## Conclusion

Consequently, for the reasons stated in the EEOC's memorandum brief (doc. 97), it is **ORDERED** that the EEOC's motion to compel is hereby **GRANTED** and Southern Haulers shall produce the documents at issue within seven (7) business days of the date of this order.

**DONE** this  20th  day of November, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**